# IN THE UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| DONAL R. EDWARDS, | ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) | CIV. A. NO. 23-0029-TFM-MU |
| CHANCE THOMPSON, *et al.*, | ) ) ) ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff Donal R. Edwards, a pretrial detainee, filed a complaint seeking relief under 42 U.S.C. § 1983 and a motion to proceed without prepayment of fees. (Docs. 1, 2, 5). This case was referred to the undersigned Magistrate Judge for appropriate action pursuant to 28 U.S.C. § 636(b)(1) and S.D. Ala. GenLR 72(a)(2)(R). Upon review, and for the reasons discussed herein, the undersigned **RECOMMENDS** that this action be **DISMISSED without prejudice**, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

## Screening of Complaint

Pursuant to the Prison Litigation Reform Act ("PLRA"), this Court is obligated to conduct a preliminary review of Plaintiff's complaint. *See* 28 U.S.C. §§ 1915A(a) and 1915(e)(2)(B). While the Court liberally construes *pro se* pleadings, like the one in this case, holding them to a less stringent standard than pleadings drafted by attorneys, *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003), the complaint will still be dismissed if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such

relief." 28 U.S.C. 1915A(b). Applicable here, a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). This includes, where as a matter of law, the claim seeks to enforce a legal right that clearly does not exist. *Id.* at 327.

## Complaint

Plaintiff filed an initial complaint on January 23, 2023 against Chance Thompson, Chief of Flomaton Police Department, and Dewey Bondurant, Mayor of Flomaton, Alabama. (Doc. 1). Because Plaintiff filed the complaint *in forma pauperis*, the court screened the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). In so doing, the Court pointed out fatal deficiencies in Plaintiff's pleading and instructed him on how to draft his complaint more carefully, so he could avoid dismissal of his action. (*See* Doc. 10).

Plaintiff has now filed an amended complaint against Defendants Thompson and Bondurant alleging that he has been held in the Escambia County Jail, without bond, awaiting trial, for 18 months on false charges. (Doc. 11, 12)[1]. Plaintiff is suing Chief Thompson for wrongful imprisonment and Mayor Bondurant for wrongful or negligent hiring of Thompson as the Chief of Police. According to Plaintiff, Mayor Bondurant is responsible for the hiring of the chief of police and should have known that Thompson lacked experience and had several complaints against him. (Doc. 11 at 5; Doc. 12 at 1-2). Plaintiff seeks monetary relief for his wrongful imprisonment. (Doc. 11 at 7).

## Analysis

The heart of Plaintiff's complaint is that he is currently incarcerated on criminal charges that are false or unfounded and that he should not be sitting in jail. To the

---

[1] Upon review of Plaintiff's filing titled "Amended Motion" (Doc. 12), the Court determines it is best construed as a supplement to his Amended Complaint. (Doc. 11).

extent that Plaintiff wants this court to release him from jail, he must bring a petition for writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Release from confinement cannot be obtained through a § 1983 action. To the extent Plaintiff seeks money for his claims, he must first show that his imprisonment is in fact unconstitutional. Edwards cannot make such a showing in a § 1983 action. The Supreme Court has made clear that claims challenging the legality of a prisoner's conviction or sentence are not cognizable in a § 1983 action "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus" and complaints containing such claims are to be dismissed. *Heck v. Humphrey,* 512 U.S. 477, 489 (1994). The question to be asked is, "whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his [imprisonment.]" *Id.* at 487. Here, the answer is yes. This means, Plaintiff, as a pretrial detainee, cannot pursue damages for a wrongful arrest or imprisonment, until he has proven the invalidity of his confinement. Consequently, Plaintiff's § 1983 suit is barred.

Notably, Plaintiff currently has a habeas petition pending in this Court. (*See Edwards v. Hetrick*, 22-260-JB-N, S.D. Ala.). If Plaintiff is successful on this habeas petition, he would then be able to proceed on his § 1983 claim for monetary damages.

## Conclusion

For these reasons, it is **RECOMMENDED** that the complaint be **DISMISSED without prejudice** pursuant to Fed. R. Civ. 28 U.S.C. § 1915(e)(2)(B)(i).

Additionally, the Clerk of Court is **DIRECTED** to docket Plaintiff's "Amended Motion" (Doc. 12) as a Supplement to Amended Complaint (Doc. 11).

## **NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. Gen.LR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** and **ORDERED** this **9th** day of **August, 2023**.

/s/ P. Bradley Murray
**UNITED STATES MAGISTRATE JUDGE**